## THE STOCKHOLDERS' LIABILITY ACT UNCONSTITUTIONAL.

[Circuit Court of Mahoning County.]

SWIFT & COMPANY v. THE YOUNGSTOWN BAKING COMPANY ET AL.

Decided, March, 1905.

*Constitutional Law—Liability of ·Stockholder Attaches, When—Acts of April 29, 1902, and April 25, 1904, Unconstitutional.*

The act of the General Assembly of April 29, 1902, amending and repealing Section 3258 of the Revised Statutes fixing the liability ·of stockholders of a corporation, so far as it amends and repeals ·original Section 3258, is in violation of Section 3 of Article XIII of the Constitution of the state.

COOK, J.; LAUBIE, J., concurs; BURROWS, J., dissents.

Appeal from Common Pleas Court of Mahoning County.

This is an action to enforce the statutory liability of a stockholder of The Youngstown Baking Company, a corporation duly organized under the laws of the state of Ohio.

All the liabilities claimed upon arose between the 1st day of January, 1903, and May 2, 1903, and the principal question and really the only one that is important is: Is David M. Ramsey, as such stockholder, liable upon such claims in his individual capacity?

It is claimed that under the act of the General Assembly passed April 29, 1902, 95 O. L., page 312, he is not.

It will be observed that all the liabilities of this company arose subsequent to the passage of this act and that, by the terms of said act, the stockholder is not liable until the corporation becomes unable to pay the claims against it. The provision of the statute is as follows:

"Section 3258. The stockholders of a corporation who are the holders of its shares at a time when its debts and liabilities are enforceable against them, shall be deemed and held liable, equally and ratably, and not one for another, in addition to their stock, in an amount equal to the stock by them so held, to the creditors of the corporation, to secure the payment of such debts and liabilities; and no stockholder who shall transfer his stock in good faith, and such transfer is made on the

books of the company, or on the back of the certificate of stock properly witnessed or tendered for transfer on the books of the company prior to the time when such debts and liabilities are so enforceable, shall be held to pay any portion thereof.''

David M. Ramsey became a stockholder in said corporation, holding a certificate for the same in the sum of fifteen hundred dollars. During the time he was such stockholder debts were contracted by the corporation in a considerable amount, but before such debts became enforceable against the stockholders by reason of the inability of the corporation to pay the claims against it, he sold his stock *bona fide* for the full consideration of fifteen hundred dollars, and the transfer of his stock was regularly made upon the books of the company to a party that is unable by reason of insolvency to pay the assessment made against him.

The attorneys for Ramsey deny his liability under the provisions of this statute, while the attorneys of Swift & Company claim this statute is unconstitutional for the reason that it violates Section 3, Article XIII, of the Constitution, and is therefore wholly inoperative.

It is conceded that the Supreme Court has distinctly decided in two cases under the statutes that preceded the act of April 29, 1902, that the stockholder became liable at least as guarantor or surety from the date that the debt was contracted, and that a subsequent sale and transfer of his stock, although made *bona fiedely*, did not release him (*William Brown* v. *William J. Hitchcock*, 36 O. S., 678; *Harpold* v. *Staboit*, 46 O. S., 397).

It will be observed by reference to these cases that the court passed upon both the constitutional provision and the statute and it is claimed that the decisions were really based upon the provisions of the statute, and that it is fully within the power of the General Assembly to change the provisions of the statute.

The majority of the court is of opinion that these cases distinctly decide that, by the provision of Section 3 of Article XIII of the Constitution, by its terms, independent of the statute, the liability of the stockholder attaches at the time

the liability is incurred by the corporation, and that that is the settled law of this state under the Constitution as construed by the Supreme Court, and, therefore, the act of April 29, 1902, is in violation of the Constitution of the state and wholly inoperative. The same holding should be made as to the act of April 25, 1904 (97 O. L., 390).

Finding and decree in favor of plaintiff against the defendant, David M. Ramsey.

*W. W. Zimmerman*, for plaintiff.

*C. A. Manchester*, for David M. Ramsey.